IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Elise Ashby (Arrington), | ) | Case No.: 7:20-cv-03662-JD-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Arthur Cooksey, AFC3 Holdings, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 128.) Plaintiff Elise Ashby ("Plaintiff" or "Ashby"), proceeding *pro se*, brought this defamation lawsuit against Defendants, her former landlord AFC3 Holdings, LLC ("AFC3") and a member of AFC3, Arthur Cooksey ("Cooksey") (collectively "Defendants"). Defendants filed a motion to hold Plaintiff in contempt of court and impose sanctions for Ashby's failure to comply with discovery rules and the Magistrate's Order at Docket Entry 101, requiring Plaintiff "to produce full and complete responses to Defendants' discovery requests within twenty (20) days of this Order."[2] (DE 107.)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]     Plaintiff previously filed a motion to compel Defendants' discovery responses to interrogatories (DE 105), which Defendants opposed because, among other reasons, Plaintiff misunderstands the Federal Rules of Civil Procedure to allow her to ask more than the limit of 25 interrogatories as long as she breaks them up into sets of less than 25 each (DE 112). Plaintiff also filed a motion for summary judgment or mediation. (DE 117.) Defendants filed a motion to stay this case until the Court rules on Defendants'

## BACKGROUND

For context given the objections raised by Plaintiff and for the sake of brevity, the following summary of facts is sufficient for the matters addressed herein. Plaintiff alleges that AFC3 and Cooksey (who is a member of AFC3) own the building where she was renting space. (DE 128, p. 2.) Plaintiff claims Defendants and another man presented false information about her at an eviction hearing and that Defendants sent defamatory emails to the City of Union's Public Safety Officers, to the Union County Council Supervisor, and the Executive Directors of both Tourism and the Chamber of Commerce accusing her of embezzlement, vandalism, extortion, fraud, and usury. (DE 128, pp. 2-3.) As a result of these claims, Defendants served discovery on Plaintiff.

Defendants received responses from Plaintiff dated June 30, 2021, along with a privilege log. (DE 128, p. 4.) Plaintiff claimed privilege over her personal federal and state tax returns, listing the category of privilege as "Plaintiff's personal tax returns." (Id.) She also claimed privilege over the following categories: (1) the federal and state tax returns of Open Air Celebrations, LLC (Plaintiff's company), (2) the federal and state tax returns of RobinHood Group (Plaintiff's non-profit organization), (3) the financial statements for Open Air Celebrations, LLC and RobinHood Group, (4) the corporate records of Open Air Celebrations, LLC, (5) Plaintiff's resume or CV, and (6) documents related to the grant that Plaintiff claims she lost due to Defendants' alleged conduct. (Id.) For each of these, Plaintiff listed the category of privilege as "Plaintiff Work Product." (Id.) After the parties conferred informally to discuss the discovery dispute, Plaintiff stated that she would provide her discovery responses "by the end of the month." (DE 128, p. 6.) However, when Defendants received no further response to their discovery

---

sanctions motion (DE 108), which the Magistrate Judge granted, staying all deadlines, including Defendants' deadline to respond to Plaintiff's summary judgment motion, pending the Court's ruling on the instant sanctions motion. (DE 125.)

requests, they filed a motion to compel on July 27, 2021, seeking production of the identified documents and answers to the identified interrogatories. (DE 128, p. 7.)

In an Order issued September 22, 2021, the Court granted Defendants' motion to Compel stating:

> Accordingly, Plaintiff is hereby ORDERED to produce full and complete responses to Defendants' discovery requests within twenty (20) days of this Order. She is further warned that her failure to fully comply with this Order may result in the Court imposing sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure and/or recommending dismissal of this action pursuant to Rule 41.

(DE 101.) Thereafter, Plaintiff emailed defense counsel an updated privilege log and a resume, along with additional responsive documents. (DE 128, p. 9.) However, Plaintiff took the position in that mailing that she would not produce the remainder of the documents that the Court ordered her to produce because they were being audited. (Id.) She represented that she would provide the requested documents once the audits were complete. (Id.) On October 22, 2021, Defendants filed their sanctions motion (DE 107), asserting that Plaintiff has never previously argued that the documents she claimed were privileged were under audit, and they argue that, in any event, no such audit would be a basis for any privilege against discovery. (Id.) Defendants further noted that Plaintiff had not answered the interrogatories the Court ordered her to answer. (Id.) And Defendants point out that Plaintiff has not served Defendants with a supplemental response to the requests for production. (Id.)

In her response opposing Defendants' sanctions motion, Plaintiff argues, for the first time, that, regardless of any privilege, she cannot produce the remaining documents for which she claimed privilege because she gave to the government—first the South Carolina Secretary of State and then the local IRS and United States Department of Agriculture ("USDA")—her only copies of the documents concerning the audits she references. (DE 128, p. 10.) Nevertheless, the Report

3

recommends Defendants' sanctions motion (DE 107) be granted and this case be dismissed under Rules 37 and 41 of the Federal Rules of Civil Procedure.

## DISCUSSION

Although Ashby has filed an objection to the Report (DE 138), to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that many of the Petitioner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate her arguments. However, the court has identified the following specific objection, which will be addressed herein. Plaintiff objects to the Report claiming that she has responded to interrogatories and that she in artfully stated that documents

4

were privileged but are actually not in her possession because she provided them to the State and Federal Government as part of an audit. (DE 138, p. 1.) The Magistrate Judge comprehensively and in detail addressed the issues surrounding this objection in the Report. In particular, the Report found:

> Regarding the documents that [Ashby] claims are under audit, Plaintiff offers no support for her position that the audit makes the documents privileged and she offers no explanation for not at least giving Defendants the opportunity to copy the documents before she handed the documents over to the government. Her constantly shifting justifications for failing to comply with her discovery obligations are a strong indication of her bad faith, as are her decision to purportedly give away her only copies of these documents without allowing Defendants to copy them, her failure to turn over the documents the South Carolina Secretary of State returned to her, and her flat refusal to answer the interrogatories the Court required her to answer.

Further, the Report found that "Defendants have suffered harm from Plaintiff's failure to comply with the Court's Order because, by refusing to provide the discovery in question—after a request from opposing counsel and an order of the Court compelling compliance—Plaintiff has impaired Defendants' ability to obtain material information they need to defend against Plaintiff's claim." (DE 128, p. 16.) This Court agrees; and therefore, the Court overrules these objections.

The Court notes that even after Defendants filed their sanctions motion on October 22, 2021, Plaintiff did not provide the documents the Court ordered her to provide and has not answered the interrogatories the Court ordered her to answer. The Court concludes that Plaintiff has demonstrated a pattern of indifference and disrespect to this Court's orders that cannot be countenanced and that such noncompliance must be deterred. Additionally, because Plaintiff has already ignored Court Orders, sanctions less drastic than dismissal would not be effective. Any

sanction other than dismissal would fail to cure Plaintiff's deliberate noncompliance and impede the administration of justice.[3]

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 128) and incorporates it herein and dismisses this action.

It is, therefore, **ORDERED** that Defendants' sanctions motion (DE 107) is granted, in part, and denied, in part, and Plaintiff's case is dismissed under Rules 37 and 41 of the Federal Rules of Civil Procedure, but the motion is otherwise denied.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
February 2, 2022

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they have the right to appeal this order within sixty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] The Court notes that Plaintiff's *pro se* status does not immunize her from the imposition of sanctions. Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989).